IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv3

| | |
|---|---|
| GALVATUBING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> COMMONWEALTH ALUMINUM ) <br> TUBE ENTERPRISES, LLC; ) <br> ALERIS INTERNATIONAL, INC.; ) <br> KINGS MOUNTAIN ASSOCIATES, ) <br> LLC; and JOHNSON ) <br> DEVELOPMENT ASSOCIATES, ) <br> INC., ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER** is before the court upon defendants' Johnson Development Associates, Inc.'s and Kings Mountain Associates, LLC's Motion to Dismiss (#6). Defendants Commonwealth Aluminum Tube Enterprises, LLC, and Aleris International, Inc., have filed a nearly identical Motion to Dismiss (#4); however, such motion is not justiciable inasmuch as after such motions were fully briefed, defendants Commonwealth Aluminum Tube Enterprises, LLC, and Aleris International, Inc., filed a Notice of Bankruptcy (Docket Entry #18). Thus, this Memorandum and Recommendation is limited to defendants' Johnson Development Associates, Inc.'s and Kings Mountain Associates, LLC's Motion to Dismiss (#6).

In addition to the Notice of Bankruptcy filed by the defendants in Bankruptcy, plaintiff filed a "Notice of Voluntary Dismissal" as to some, but not all, of the claims

1

asserted against defendants Kings Mountain Associates, LLC, and Johnson Development Associates, Inc., after the issues had been fully briefed and the court had expended substantial time on the remaining ripe motion. See Docket Entry #19. The impact of such Notice of Voluntary dismissal is discussed below in Section III.

Having carefully considered defendants' Johnson Development Associates, Inc.'s and Kings Mountain Associates, LLC's Motion to Dismiss (#6) the court enters the following findings, conclusions, and Recommendation. Any reference to the defendants in bankruptcy is merely contextual and is not intended to be binding or have any effect on those defendants' Motion to Dismiss or the claims asserted against such defendants.

## FINDINGS AND CONCLUSIONS

### I. Background

In claims governed by the federal Declaratory Judgment Act, 28, United States Code, Section 2201, plaintiff seeks a declaratory judgment that *it* is and has been in material breach of a lease agreement, that such lease agreement is an assignment of a lease and not a sublease, and that defendants as lessors have failed to mitigate their damages upon such alleged default by plaintiff. Complaint, Claims 1-3. In the alternative to declaratory relief, plaintiff has asserted alternative common law claims against defendants Kings Mountain Associates, LLC, Johnson Development Associates, Inc., and Aleris International, Inc., for unjust enrichment. Complaint, Claims 4-5.

These claims stem from a land lease in Cleveland County, North Carolina. Plaintiff alleges that on June 1, 2000, Defendant Kings Mountain, as lessor, entered into a written lease agreement (hereinafter the "Prime Lease") with Defendant Commonwealth, as lessee, for the rental of 10.58 acres of land and improvements (hereinafter the "Premises"). Complaint, at ¶ 7. Such property is no longer owned by Defendant Kings Mountain, but is instead owned by RT Kings Mountain I, LLC (hereinafter "RT"), which is not a party to this action. Id., at ¶¶ 8-9.

In 2005, Defendant Commonwealth entered into a written agreement with plaintiff entitled "Sublease" for the rental of the Premises (hereinafter the "Agreement"). Defendant Kings Mountain, as lessor of the Prime Lease, executed a "Prime Landlord's Consent to Sublease" (hereinafter the "Consent). Id., at ¶ 11. Plaintiff has alleged that the Consent provides that Defendant Kings Mountain would deliver any notices concerning the rental of the Premises concurrently to both Defendant Commonwealth as sublessor and to plaintiff as sublessee. Id. Plaintiff has also alleged that the Consent provided that rent payments were to be made directly to Defendant Kings Mountain and not Defendant Commonwealth. Id.

The terms of the Agreement provided that Defendant Commonwealth would sublease the Premises to plaintiff for a term of years, to wit, June 1, 2005, through August 31, 2015. Id., at ¶ 12. The Agreement further provided that plaintiff was obligated to pay rent directly to Defendant Kings Mountain and to be bound by all provisions of the Prime Lease. Id. The Agreement further provided that plaintiff was to look to Defendant Kings Mountain, and not Defendant Commonwealth, for

3

the performance of any obligations that the landlord would have, and that no failure of Defendant Kings Mountain would amount to default by Defendant Commonwealth.  Id.

Plaintiff alleges that the Agreement further obligated plaintiff to use "best efforts" to negotiate a new lease with Defendant Kings Mountain, thereby terminating both the Prime Lease and the Agreement.  Id., at ¶ 13.  While plaintiff alleges that neither Defendant Kings Mountain nor Defendant Aleris (the alleged successor in interest to Defendant Commonwealth)[1] has negotiated a new lease fairly.  Id.  Plaintiff later contends that Defendants Kings Mountain and Johnson have hidden "behind Aleris" asserting that they could not negotiate a new lease with plaintiff inasmuch as they were not in privity with plaintiff.  Id., at ¶ 20.

Although the Agreement provides plaintiff with a 122 month lease, plaintiff alleges that it has never occupied the Premises.  Id., at ¶ 17.  Soon after entering into the agreement, plaintiff contacted Defendant Kings Mountain and Defendant Johnson (whom plaintiff alleges is a successor to Defendant Kings Mountain)[2] in an effort to terminate the Agreement due to plaintiff's intent to never occupy the Premises.  Id., at ¶ 19.  Apparently, plaintiff did install a piece of machinery on the property, id., at ¶ 19, which remains on the property.

While plaintiff has apparently paid rent, plaintiff alleges that it has attempted to secure a substitute sublessee for the premises or reach an agreement which would

---

[1] Complaint, at ¶ 16.

[2] Complaint, at ¶ 5.

involve a termination of the entire Prime Lease. Id., at ¶ 22. In 2006 and 2007, Defendant Aleris notified plaintiff that it was in default under the Agreement. Id., at ¶ 24-28. Plaintiff admits that it has not cured some or all of the defaults, including but not limited to the duty to operate a business on the premises, maintain a landscape, finalize a new lease, pay rent on time, maintain insurance on the premises, maintain and protect the premises, and indemnify Defendant Kings Mountain. Id., at 29. Plaintiff alleges, however, that it has paid more than $900,000.00 to Defendant Kings Mountain or its successor since execution of the Agreement. Id., at ¶ 31.

Plaintiff goes on to allege that despite these defaults on the Agreement, Defendants Johnson and Aleris have never attempted to mitigate their damages by obtaining a substitute tenant. Id., at ¶ 30.

Plaintiff also alleges that it engaged in negotiations in the late summer and fall of 2007 to either buy out or terminate the Agreement. Complaint, ¶¶ 32-41. Plaintiff alleges that while it was negotiating a resolution of the lease with Defendant Aleris, Defendant Johnson was in the process of selling or had sold the Premises to RT, and that the lease was transferred to RT. Id. It was only when the resolution had been approved by the sublessor, the sublessee, and Hylsa[3], that plaintiff learned that the Agreement had been assumed by the new owner of the Premises some 30 days earlier. Plaintiff contends that such failure to transmit a copy of such notice violated the Agreement, which required the sublessor to transmit notices from the landlord to the sublessee. Id., at 38. Plaintiff further alleges that Defendants Aleris and Johnson

---

[3] Plaintiff fails to explain what "Hylsa" is or its role in the termination negotiations.

5

failed to inform plaintiff that the new owner, RT, might not agree to the terms of the termination agreement. Id., at ¶ 41.

## II. Causes of Action Asserted

Based on such allegations of fact, plaintiff has asserted the following causes of action in its Complaint:

(1) First Cause of Action, Declaratory Judgment, seeking a declaration that plaintiff is and has been in material default of the Agreement and/or the Prime Lease;

(2) Second Cause of Action, Declaratory Judgment, seeking a declaration that the Agreement is an assignment of the Prime Lease and not a sublease;

(3) Third Cause of Action, Declaratory Judgment, seeking a declaration that Defendants have breached their duty to mitigate damages upon default by Plaintiff;

(4) Fourth Cause of Action, plead in the alternative, asserting Unjust Enrichment as to Defendants Kings Mountain and Johnson; and

(5) Fifth Cause of Action, plead in the alternative, asserting Unjust Enrichment as to Defendant Aleris.

## III. Notice of Voluntary Dismissal of Certain Claims

After the Motion to Dismiss was fully briefed, plaintiff filed a Notice of Dismissal of all claims, except its claims of unjust enrichment, as to defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC. See

Docket Entry #19. Such dismissal is defective as plaintiff has attempted to dismiss less that the entire action, a violation of the clear language of the Rule and the established precedence of this court. Specifically, the district court held more than eight years ago in Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000):

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d*, § 41,21[2] (citing Skinner v. First Am. Bank of Virginia, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id. The decision in Gahagan is wholly consistent with Rule 41(a)(1), which speaks only to dismissal of actions, not particular claims. This court certainly has no problem with plaintiff and the present defendant dismissing this action by agreement; however, Rule 41(a)(1) is not the tool for winnowing away at claims that might no longer be meritorious; as the district court clearly held, that needs to done through amendment. By requiring amendment of the Complaint to reflect active claims and active defendants, the court as well as the public can remain aware of the charges plaintiff is making. Further, the Complaint, if read to a jury, must accurately reflect the claims and the parties in order to avoid confusion. Thus, the undersigned will respectfully recommend that the Notice

of Voluntary Dismissal be stricken.

## IV. Motion to Dismiss

Defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC have moved under Rule 12(b)(1) and (6) to dismiss, contending that this court lacks jurisdiction over the subject matter as there is no actual controversy over which this court can grant declaratory relief and that plaintiff fails to state a cause of action inasmuch as "failure to mitigate" is not a recognized cause of action and is only an affirmative defense.

## V. Applicable Standards of Review

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding,

9

467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's Complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## VI. Discussion

### A. Third Cause of Action: Mitigation of Damages

The thrust of plaintiff's Complaint appears to be that defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC (and perhaps RT, an unnamed party) have failed to mitigate their damages despite plaintiff's breach of its duties under the Agreement. While either a lessor or lessee may bring an action for breach of a lease agreement, North Carolina courts have long and consistently held that a failure to mitigate damages under a lease agreement is not a cause of action, but is instead an affirmative defense to damages that may be collected on a breach. The North Carolina courts have stated that "[t]he doctrine of mitigation of damages does not constitute a cause of action and, therefore, may not be pleaded as such." Girard Trust Bank v. F.E. Easton, 3 N.C. App. 414, 419 (1969). In Scott v.

Foppe, 247 N.C. 67 (1957), the North Carolina Supreme Court held that

> [o]rdinarily, the equitable doctrine of mitigation of damages is a defense to an action in which the plaintiff seeks to recover for damages allegedly caused by the breach or duty on the part of defendant and does not constitute a cause of action.

Id., at 71. For relief, plaintiff asks this court to order defendants to "refund of all funds paid with respect to the Prime Lease and/or the Agreement as a result of Defendants' failure to properly mitigate damages subsequent to Plaintiff's breach." Comp., ¶ 58. The Declaratory Judgment Act is "inappropriate to adjudicate past conduct, such as when the damages have already accrued." 12 James Wm. Moore, *Moore's Federal Practice* § 57.04[3] (3d ed. 2008).

The cases cited by plaintiff in response to the motions to dismiss are of no avail inasmuch as in each case the plaintiff sought declaratory relief as to future conduct. Smith v. HBE Corp., 655 F. Supp. 59 (1986) (declaring defendant-tenant has no rights in a commercial building and allowing plaintiff owner to sell the building to a third party free and clear); Kmart Corp. v. Cragmere Assocs., 2008 WL 305456, at *1 (M.D.N.C. February 1, 2008)[4] (involving a commercial landlord and its tenant each seeking cross-declaratory judgments to determine which party was obligated to pay for the replacement of a parking lot); Fairfield Resorts, Inc. v. Fairfield Mountains Property Owners Ass'n, 2007 WL 1674105, at *4 (W.D.N.C. May 17, 2007)(determining plaintiff-tenant was not in breach of its lease obligations and

---

[4] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

**12**

preventing defendant-landlord from removing plaintiff or its signage from defendant's property). These cases are illustrative of proper invocation of the Declaratory Judgment Act in the landlord-tenant relationship as they addressed the future contractual relationship of the parties, not whether past rents were refundable. Plaintiff, under the guise of declaratory relief, has attempted to assert the affirmative defense of failure to mitigate damages as a cause of action, which is contrary to well settled North Carolina law. Further, using the Declaratory Judgment Act to recover past damages is not allowed. The undersigned will, therefore, respectfully recommend that the third cause of action be dismissed.

> **B.** **First and Second Causes of Action: Declaring that Plaintiff is in Default of the Agreement and that the Agreement is an Assignment of the Prime Lease**

In the First Cause of Action, plaintiff seeks a declaration that plaintiff is and has been in material default of the Agreement and/or the Prime Lease. In the Second Cause of Action, plaintiff seeks a declaration that the Agreement is an assignment of the Prime Lease and not a sublease. Inasmuch as plaintiff fails to state a cause of action for "failure to mitigate damages," or, for that matter, any cause of action that arises from the Agreement, adjudication of these prefatory declaratory judgment claims would serve no useful purpose and they too should be dismissed.

Under the Declaratory Judgment Act, the court must be presented with an actual case or controversy may declare the rights and legal relations of an interested party:

> [i]n a case of actual controversy within its jurisdiction . . .any court of the United States, upon the filing of an appropriate pleading, may

13

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. 2201(a). To declare that plaintiff is in default of the Agreement or that the Agreement is actually an assignment of the Prime Lease would serve no purpose inasmuch as no actionable controversy exists for resolution by this court. *If* defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC, were to bring a breach of contract action, then those issues may well be relevant in adjudicating the rights and legal relations of the parties. For purposes of the Declaratory Judgment Act, however, an actual case or controversy exists when a party faces future injury if it takes certain action absent a declaration of the rights of the respective parties in advance of such action. MedImmune, Inc. v. Genentec, Inc., 549 U.S. 118, 128-132 (2007).

Close review of the Complaint reveals that what plaintiff is ultimately seeking is a return of rents already paid based on a preemptive finding that plaintiff has breached the Agreement and that the Agreement is really an assignment of the Prime Lease. While the court can certainly understand why plaintiff wants to be shed of the lease and the obligation to pay rents and other duties, the fact that it may have breached its obligations under the Agreement does not create an actual controversy inasmuch as the lessor has no obligation under that agreement to bring an action based on the alleged defaults. See Prime Lease, Art. XIII(b); Agreement, §§ 14(b)( & 15. Indeed, a landlord can forgive any number of failures on the part of the tenant.

Plaintiff's responsive argument that a default does exist even if not declared

by the landlord under the *doctrine of unavoidable consequences* is simply a restatement of the *duty to mitigate damages*. See Miller v. Miller, 273 N.C. 228 (1968). Plaintiff cites no authority for its statement of law.

Further, plaintiff does not face "future injury" inasmuch as the issues raised in the first and second causes of action are matters that could be raised in a breach of contract/lease action. The undersigned will, therefore, recommend that the first and second causes of action be dismissed as such are non-justiciable as they fail to present an actual controversy.

### C. Fourth Cause of Action: Unjust Enrichment Claim

It is equally well settled under North Carolina law that a party to a contract can not maintain an unjust enrichment claim when an express contract already governs the relationship between the parties. Booe v. Shadrick, 322 N.C. 567, 570 (1988). Taking the facts alleged in the Complaint as true, the Prime Lease and Agreement govern the rights and obligations of the plaintiff and defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC, in this case. Further, a claim for unjust enrichment requires that plaintiff confer a benefit on defendants, that defendants consciously accepted such benefit, and that the benefit is not required by contract. Id. While plaintiff has alleged it has made rent payments exceeding $900,000.00, there is no allegation and it cannot be inferred from this Complaint that any party believed these payments were conferred as a "benefit"; rather, it is undisputed that such payments were made pursuant to plaintiff's rent obligations under the Agreement.

Plaintiff's argument that these claims should stand because the benefit may have enured to a party not in privity to the contract is equally unavailing. Again, North Carolina law is clear that "where there is a contract between two persons for the furnishing of goods or services to a third, the latter is not liable on an implied contract simply because he has received such services or goods." <u>Norman Owen Trucking, Inc. v. Morkoski</u>, 131 N.C. App. 168, 178 (1998).

The undersigned will, therefore, recommend that the fourth cause of action be dismissed.

### D. Lack of a Necessary Party

Even if this court were to assume that plaintiff had alleged recognizable causes of action, the face of the Complaint reveals that plaintiff has failed to sue a necessary party - - "RT" - -which plaintiff contends now owns the property and holds the lease. Clearly, complete relief could not be granted absent RT and there cannot be any adverse interests of immediacy or reality involving the named defendants, especially as to any possible prospective relief.

### RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the Notice of Voluntary Dismissal (#19) be **STRICKEN** as

improvidently filed; and

(2) defendants Johnson Development Associates, Inc.'s and Kings Mountain Associates, LLC's Motion to Dismiss (#6) be **ALLOWED** and that all claims against such defendants be **DISMISSED** with prejudice, and that defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC be dismissed from this action.

The plaintiff and defendants Johnson Development Associates, Inc., and Kings Mountain Associates, LLC, are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 11, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge